# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.W.**

**No. 15-0466** (Hardy County 14-JA-18)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.R., by counsel Lauren M. Wilson, appeals the Circuit Court of Hardy County's January 29, 2015, order terminating his parental rights to K.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Marla Zelene Harman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion to dismiss the petition for lack of jurisdiction, denying his motion for a post-adjudicatory improvement period, and in terminating his parental rights without considering less-restrictive dispositional alternatives.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, the mother's parental rights to her oldest child, D.W., were terminated by the circuit court due to her cognitive abilities and her lack of compliance and progress during her improvement period. Petitioner was not this child's father. The following year, the mother gave birth to her second child, M.R.; petitioner is M.R.'s biological father. After M.R.'s birth, the DHHR filed a petition in the circuit court alleging aggravated circumstances. At adjudication on the new petition, the circuit court fully reviewed the mother's circumstances and found that, although she made some progress in finding housing and applying for disability income, she failed to remedy the conditions of abuse and neglect necessitating the prior termination of parental rights. Specifically, the circuit court found that "there has been no material or significant change of circumstances or remediation of parenting deficiencies that led to the involuntary termination," and further that the mother had not "illustrated any ability to comply with the terms and conditions of an improvement period." Both petitioner and the mother then voluntarily relinquished their parental rights to the second child.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

On September 18, 2014, the mother gave birth to petitioner's newest child, K.W., who was born prematurely and underweight at a hospital in Winchester, Virginia. As such, the child remained hospitalized for several days after her birth. The guardian for M.R., whose case remained open for purposes of achieving permanency, filed a new abuse and neglect petition on September 22, 2014, alleging imminent danger to K.W. Several days later, the DHHR also filed a petition in regard to K.W.

In October of 2014, the circuit court held a preliminary hearing, during which petitioner orally moved to dismiss the petitions based on a lack of jurisdiction. According to petitioner, he and K.W.'s mother moved to Virginia five days prior to K.W.'s birth. The circuit court denied the motion, however, and found that if petitioner had secured an apartment in Virginia, it was for the sole purpose of evading removal of K.W. from his custody.[2] That same month, the circuit court held an adjudicatory hearing and found that petitioner failed to comprehend the parenting deficiencies he needed to correct and that the conditions from the prior termination had not been remedied. During this hearing, petitioner renewed his motion to dismiss the petitions for lack of jurisdiction. Petitioner submitted a written motion to dismiss the matter, including exhibits such as a rental agreement for an apartment in Winchester, Virginia, and a copy of a utility bill for the apartment that showed no usage.

In January of 2015, the circuit court held a dispositional hearing and found that petitioner could not identify any parenting deficiencies to be corrected and that the circumstances that led to the prior termination of parental rights had not been corrected. Further, the circuit court found that petitioner had a previous improvement period in the case involving M.R., but failed to comply. As such, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future, denied his motion for an improvement period, and terminated his parental rights to K.W. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]Petitioner then filed a petition for writ of prohibition with this Court seeking to dismiss the case below for lack of jurisdiction. By order entered on October 24, 2014, this Court denied the petition.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motion to dismiss, motion for a post-adjudicatory improvement period, or in terminating his parental rights.

First, the Court finds no merit in petitioner's argument that the circuit court lacked jurisdiction to proceed on the initial abuse and neglect petitions. According to petitioner, he and his family moved to Winchester, Virginia, five days prior to the child's birth. In support of the motion to dismiss below, petitioner submitted a lease agreement for an apartment in Winchester, Virginia, signed approximately five days prior to the child's birth, and a utility bill for the apartment that showed no usage. As such, he argues that the circuit court lacked jurisdiction to proceed on the petitions. We disagree.

West Virginia Code § 49-6-1(a) states, in pertinent part, that

[i]f the [DHHR] or a reputable person believes that a child is neglected or abused, the [DHHR] or the person may present a petition setting forth the facts to the circuit court in the county in which the child resides, or if the petition is being brought by the [DHHR], in the county in which the custodial respondent or other named party abuser resides . . . .

According to the guardian's initial petition below, when the child was scheduled to be released from the hospital, she was to reside in one of two residences in Hardy County, West Virginia. Additionally, the circuit court found that petitioner was a "resident[] of West Virginia, Hardy County, for more than one . . . year prior to the [petitions'] filing[s]," and that upon the child's birth, the parents presented a West Virginia medical card at the hospital. Ultimately, in ruling on the motion to dismiss, the circuit court noted that the alleged change of residency was for the purpose of circumventing removal of the child. As such, we find the circuit court had jurisdiction over the matter. Simply put, petitioner's documents in support of his alleged move do not evidence an intention to change his residency to the Commonwealth of Virginia, especially in light of the fact that he presented a West Virginia medical card upon the child's birth and lived in Hardy County for more than a year prior to the petitions' filings.

Next, the Court finds no merit in petitioner's argument that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In denying petitioner's motion, the circuit court noted that "[petitioner] was afforded a pre-adjudicatory improvement period in the matter [involving M.R.] during which he was non-compliant." While petitioner argues that he satisfied the applicable burden by giving up social security disability income in order to obtain employment to better provide for the child, the Court does not agree. Simply put, petitioner's assurance that he would fully comply with an improvement period is not compelling, given his failure to comply with an improvement period in an earlier case that was still pending in the

circuit court. As such, we find no error in the circuit court denying petitioner's motion for an improvement period.

As to petitioner's argument that the circuit court erred in terminating his parental rights without considering less-restrictive alternatives, the Court finds no error. As addressed above, the evidence established that petitioner took no steps to comply with the services the DHHR offered in the prior abuse and neglect proceeding. Further, the circuit court noted that petitioner could not "indicate the presence of any deficiencies in parenting ability," despite the fact that petitioner failed to improve his cognitive functioning or remedy the circumstances present in the prior abuse and neglect proceeding. The circuit court also noted that petitioner's anger management issues persisted from the prior abuse and neglect proceeding. As such, the circuit court found that petitioner was "presently unwilling and/or unable to provide adequately for the child's needs."

Pursuant to West Virginia Code § 49-6-5(b), "'no reasonable likelihood that conditions of neglect or abuse can be substantially corrected' shall mean that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Based on the evidence set forth above, it is clear that the circuit court was presented with sufficient evidence upon which to base this finding, as well as the finding that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). While petitioner argues that he acknowledged the conditions of abuse in the home and took steps to remedy them, the circuit court's finding that he could not identify any parenting deficiencies illustrates that petitioner failed to fully acknowledge the issues of abuse present in this matter. As such, it was not error for the circuit court to terminate petitioner's parental rights instead of imposing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 29, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin Jean Davis